# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| BOBBY R. HEPSTALL, individually and as Administrator ad Litem of the Estate of Lucy Hepstall, <br><br>Plaintiffs, <br><br>vs. <br><br>HUMANA HEALTH PLAN, INC.; TOMMY THROWER; MIKE QUIGLEY <br><br>Defendants. | ) <br> ) <br> ) <br> ) Case No. 1:18-CV-00163-CG-MU <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT HUMANA HEALTH PLAN, INC.'S MOTION TO DISMISS

### I.   Introduction

Humana's Motion to Dismiss presents two questions:

(1) The United States Supreme Court has held that in order to "arise under" Medicare, a claim must have its "standing and substantive basis" in the Medicare Act. Do *all* of Plaintiff's claims arise under the Medicare Act when they are all state law claims with no reliance on Medicare statutory or regulatory provisions and Humana has not identified any portion of the Medicare Act on which Plaintiff's claims are based?

(2) Binding precedent holds that in order for conflict preemption to apply, a federal statute, regulation or standard must be inconsistent with a state standard or regulation. Are Plaintiff's claims conflict preempted when they do not rely on any state standard or regulation and when Humana has not identified how any federal standard is inconsistent with all of Plaintiff's claims?

### II.   Argument

#### A.   Standards of Review

1

As this Court is aware, two forms of subject-matter jurisdiction attacks exist under Rule 12(b)(1): a facial attack and a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). In a facial attack, the complaint is taken is true. In a factual attack, matters outside the pleadings are considered. *Id.* In a facial attack, a plaintiff is afforded safeguards such as those under Rule 12(b)(6), and the opportunity to amend. *Id; Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). When a defendant asserts a factual attack, the "proper course" for a district court is to develop jurisdictional facts through discovery, especially where jurisdictional facts might overlap with the merits of a case. *Lawrence,* 919 F.2d at 1529.

Here, it is unclear whether Humana's attack is facial or factual. It seems to be both. On the one hand, it attacks Plaintiff's allegations on their face as "arising under" Medicare. It offers no factual proof that his claims are substantively based on any provision of the Medicare Act. Plaintiff's claims are state law fraud claims not arising under Medicare, a wrongful death claim unrelated to Medicare, state law bad faith tort claims that do not arise under Medicare, and a breach of contract not Medicare regulations. Thus, taken as true, Plaintiff's claims do not arise under Medicare for these reasons and those addressed below. These claims are subject to the presumptions under Rule 12(b)(6) and the opportunity to amend.

The only "factual" attack seems to be that Plaintiff did not exhaust his remedies. Plaintiff rejects the notion that he was required to do so. Thus, he contends that Humana's Motion is solely a facial attack. However, even if this Court were to consider the exhaustion argument, some factual dispute appears to exist in this regard, as set forth below. Thus, Plaintiff requests that if this Court considers the attack a factual one that it allow the parties to conduct discovery.

In analyzing a 12(b)(6) motion, a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v.*

*United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). If not sufficient, a plaintiff should be given the opportunity to amend. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

Here, Humana does not identify whether the Grimes Declaration, attached as Exhibit A to its brief is submitted for Rule 12(b)(6) or Rule 12(b)(1) purposes. If it is offered for Rule 12(b)(6) purposes, the Motion must be converted to one for summary judgment under Rule 12(d) because it offers more than just a reference to a document referenced in the Complaint, in that it refers to "grievance and appeal records related to Lucy Hepstall." In that instance, Plaintiff should be given an opportunity to conduct discovery, and respond. Rule 12(d), Fed. R. Civ. Proc. If offered pursuant to Rule 12(b)(1), the Court should either (1) strike the declaration because it does not contain the attached documents, or (2) not rule on the motion and allow for the development of a record, as set forth above.

### B.     Rule 12(b)(1) Motion

#### 1.     Plaintiff's Claims Do Not "Arise Under" Medicare.

Humana alleges a single basis for its Rule 12(b)(1) Motion: "Plaintiff's claims clearly arise under the Medicare Act." Doc. 8, p. 8. It offers no other grounds for its Rule 12(b)(1) Motion other than its "arising under" argument. Plaintiff's Complaint, however, states nothing more than state law causes of action. Nothing in Plaintiff's Complaint relies upon the Medicare Act in order to state a cause of action. Nothing in Plaintiff's Complaint states that it seeks Medicare benefits. As this Court may be aware, a Medicare Advantage plan is not limited to providing solely Medicare benefits. It can contract to provide coverage in excess of Medicare requirements. In fact, "MAOs [like Humana] can design MA plans as they see fit. For example, MAO's have free rein to decide: . . . benefits to provide enrollees beyond traditional Medicare . . . the out of pocket costs they charge enrollees . . . and the care that enrollees can obtain from out-

of-network providers." *Ohio State Chiropractic Ass'n v. Humana Health Plan, Inc.,* 647 Fed. App. 619, 623 (6th Cir. 2010) (individual citations to regulations omitted).  Humana has not established that Plaintiff cannot prove that its claims without the Medicare Act.  This is especially true where, as here a default has been entered by the clerk against two individuals alleged to be Humana's agents.  In that instance, only the issue of vicarious liability need be established, which certainly does not fall within the Medicare Act.

Further, when a plaintiff's claims are based on state law, and not the Medicare Act, they do not "arise under" the Medicare Act.  See *Wartenberg v. Aetna U.S. Healthcare, Inc.,* 2 F.Supp. 2d 273, 277 (E.D.N.Y. 1998), citing *Heckler v. Ringler*, 466 U.S. 602 (1984).  In fact, nothing in *Heckler v. Ringer* establishes that state law claims "arise under" the Medicare Act. On the contrary, the Supreme Court made clear in *Heckler* that a claim "arises under" the Medicare Act only where the Medicare Act is "both the standing and the substantive basis for the presentation" of the claims.  466 U.S. at 614.  Here, nothing in the Medicare Act provides plaintiff with any standing or substantive basis for his state law claims.  On the contrary, Plaintiff asserts fraud and wrongful death claims, which do not arise under Medicare.  Further, all other claims do not arise under Medicare, but are based on state law.  Even any breach of contract claim asserted in the Complaint does not have the Medicare Act as its substantive basis.  Instead, it derives from Humana's contract with the Plaintiff.  Humana's Evidence of Coverage states:

> "This Evidence of Coverage is part of our **contract with you** about how Humana Gold Plus H2012-003 (HM0) covers your care.  Other parts of this contract include your enrollment form, the Prescription Drug Guide (Formulary), and notices you receive from us about changes to your coverage or conditions that affect your coverage.  These notices are sometimes called "riders" or "amendments."

Doc. 8, Ex. A, p. 15.

4

Other courts have held or noted that similar claims do not arise under Medicare and are not subject to exhaustion of remedies. For example, in *Ardary v. Aetna Health Plans of Southern California*, 98 F.3d 496 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 2408 (1997), the Ninth Circuit held that claims for related to a wrongful death did not arise under Medicare. In *Matthews v. Leavitt*, 452 F.3d 145, 153 fn. 10 (2nd Cir. 2006) the court noted that the Secretary of Health and Human Services conceded that a breach of contract claim related to an insureds death could proceed in state court.

        2.      **Plaintiff Can Bring Claims in State Court.**

Humana also alleges that "Plaintiff's suit may only be brought against the Secretary in federal court." That statement is simply not correct. As set forth above, claims which do not arise under Medicare can be brought in state court directly against Humana, and for the reasons set forth above, Plaintiff's claims do not arise under Medicare. When those claims do not arise under Medicare, 42 U.S.C. § 405(h) is of no consequence. Similarly, the case cited by Humana, *Logan v. Sebelius*, is not applicable. Further, this Court has held that 42 U.S.C. § 405(h) does not apply to private entities. *Bolden v. Healthspring of Ala., Inc.*, No. CV-07-0413-CG-B, 2007 WL4403588, *5 (S.D. Ala. October 2, 2007). Simply put, this befuddling argument seems to put the cart before the horse. It assumes that Plaintiff's Complaint arises under the Medicare Act and that Plaintiff's claims must be exhausted. It doesn't, and they don't. Thus, he can bring his claims in state court directly against Humana.

        C.      **Plaintiff's Claims Are Not Preempted**.

Next, Humana contends that this Court should dismiss Plaintiff's Complaint because, it says, federal law preempts Plaintiff's state court claims. It is unclear whether this argument is made under Rule 12(b)(1) or Rule 12(b)(6). Regardless, it is a facial attack on the Complaint,

which must be afforded the protections of Rule 12(b)(6) and the opportunity to amend. *Lawrence*, supra.

The argument is also confusing because Humana interchanges "exhaustion" with "preemption." Exhaustion involves a process through which a claim must go in order to reach court, generally. For example, a plaintiff may not be able file a court claim under Title VII unless the plaintiff has exhausted his or her remedy with the EEOC. *Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir. 1999). It does not mean the claim does not exist or is displaced. It just means that administrative remedies may apply first. *Id.* With respect to preemption, on the other hand, "the state claim is displaced by federal law." *Bolden v. Healthspring of Ala., Inc.*, No. CV-07-0413-CG-B, 2007 WL4403588, *5 (S.D. Ala. October 2, 2007).

Although confusing, Humana seems to argue that Part C of the Medicare Act applies here. Doc. 8, p. 3. It says that with respect to "any claim arising under the Medicare Act, conflict preemption applies." Doc. 8, p. 11. Humana seems to be taking some type of position that all claims regarding a Part C plan are preempted. If so, this Court has previously rejected that argument. See *Bolden*, supra, *10.

In further support of its argument, Humana cites *Do Sung Um v. Humana, Inc.*, 620 F.3d 1134 (9th Cir. 2010). However, in that case, the Ninth Circuit held that certain fraud claims relating to marketing and sales "do not arise under Medicare." 620 F.2d at 1145. Thus, that case seems to support Plaintiff's argument that certain fraud claims do not arise under Medicare, as argued above. Granted, the *Do Sung* court went further and addressed preemption, as opposed to exhaustion. It held that claims can be preempted under Part C if state causes of action are inconsistent with standards established under the Medicare Act. It then went into great detail to determine any inconsistency.

6

Here, on the other hand, Humana offers little, if any, detail as to how Plaintiff's claims are not consistent. Humana cites to only two provisions of Plaintiff's complaint. Doc. 8, p. 13. One – that Humana did not pay medical necessary claims, and two – that Humana did not cover the same services as Medicare. Humana claims that these two provisions conflict with 42 C.F.R. § 422.100(f) and 42 C.F.R. 422.102(b). *Id.* However, these provisions do not have anything inconsistent in them with regard to Plaintiff's two allegations. Section 422.100(f) has no requirements regarding payment of medically necessary claims. While it does have some vague statements about approving benefits and cost sharing, Humana has not identified how any allegation that is not consistent the section, or if the section even establishes a standard. Section 422.102(b) is about "optional supplemental benefits." It sets no standards for what optional benefits may be other than that they must be offered to all enrollees. There is nothing conflicting in that regulation with either of the two provisions of the Complaint cited by Humana.

Few, if any, Eleventh Circuit cases regarding the preemptive effect of Medicare Part C exist. This is mainly because all of the cases have been remanded to state court, finding no complete preemption. As this Court said in *Bolden*, supra, "state courts are competent to decide preemption issues." *Bolden,* supra, *5 fn 15.

Finally, Humana has not addressed the merits or elements of any of Plaintiff's claims, such as his fraud, tort claims, and wrongful death claim. It has in no way demonstrated any Medicare standard or rule which is not consistent with those claims. Thus, preemption does not apply to those claims.

### D. Evidence Exists Indicating that Hepstall's Doctors Requested Appealed or Requested Reconsideration.

With a declaration, Humana claims it received no grievances or appeals from Plaintiff or anyone on her behalf filed a grievance or appeal. However, Plaintiff will submit medical records

7

(under seal due to confidential information contained therein) indicating that her physicians submitted grievances or appeals and called Humana or its representative more than once. Humana's own contract with the Plaintiff states that "Your doctor can make a request for you," including an appeal.  Doc. 8, Ex. A, p. 159.  One of her doctors did so.  As set forth in the medical record to be submitted, he "completed a peer to peer to appeal the decision."  Yet, somehow, Humana has no evidence of this.  It has no evidence that this appeal was "automatically forwarded" as is required under its contract with the Plaintiff.  Doc. 8, Ex. A, p. 159.  This could be evidence that Humana's remedy process is not sufficient and that Plaintiff can establish that Plaintiff is excused from exhausting administrative remedies because it would be futile.  See *Curry v. Contract Fabricators, Inc. v. Profit Sharing Plan*, 891 F.2d 842 (11th Cir. 2001), reversed on other grounds, *Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313 (11th Cir. 2001).

Again, Plaintiff contends that his claims do not arise under Medicare, but if the Court were to conclude otherwise, it should allow Plaintiff to develop facts as to this issue, as set forth in *Lawrence*, supra, and deny or not rule on the Motion to Dismiss.

**III.   Conclusion**

For the reasons discussed herein, Plaintiff requests that this Court enter an Order denying Humana's Motion to Dismiss.

Respectfully submitted this 30th day of May, 2018

       GILMORE LAW FIRM
       Attorneys for Plaintiff

       By:  */s/ R. Edwin Lamberth*
       R. EDWIN LAMBERTH (ASB-5698-A56R)
         rel@gilmorelawfirm.com
       Post Office Box 729
       Grove Hill, Alabama 36451

           (251) 275-3115 Telephone
           (251) 275-3847 Facsimile

## CERTIFICATE OF SERVICE

  I hereby certify that I have served the following in accordance with the Federal Rules of Civil Procedure:

John M. Hundscheid
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Attorney for Humana Health Plan, Inc.
***Via ECF***

Tommy Thrower
4354 Old Shell Road
Mobile, Alabama 36608
***Via U.S. Mail***

Mike Quigley
4354 Old Shell Road
Mobile, Alabama 36608
***Via U.S. Mail***

           /s/ R. Edwin Lamberth