# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BOBBY R. HEPSTALL, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 18-0163-JB-MU |
| | ) |
| HUMANA HEALTH PLAN, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

     This matter is before the Court on the report and recommendation ("R&R") of the Magistrate Judge that Plaintiff's Motion to Remand be denied. (Doc. 41). The Plaintiff timely filed objections to the R&R. (Doc. 43). Defendant Humana Health Plan, Inc. filed a timely response to Plaintiff's objections. (Doc. 45).

     Defendant contends that federal jurisdiction in this matter is based on 28 U.S.C. § 1442(a)(1), customarily referred to as the "federal officer" removal statute.

     It is certainly the case that federal courts are courts of limited jurisdiction and must "proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971), quoted in *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

     It is generally the case that "federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411); *see also Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994). However, "[u]nlike certain other removal provisions, § 1442(a) ["federal officer" removal] must be liberally construed in favor of removal." *Morgan v. Bill Vann Co.*, Civ. A. No. CV11-0535-WS-B, 2011 U.S. Dist. Lexis 140394, at *12 (S.D. Ala. December 6, 2011) (*citing Parlin v. DynCorp Int'l, Inc.*, 579 F. Supp. 2d 629, 634 (D. Del. 2008) ("Unlike section 1441, which is strictly construed …, section 1442(a) is liberally construed to give full effect to the purposes for which it was enacted.")); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010); and *McGee v. Arkel Int'l, LLC*, 716 F. Supp.2d 572, 578 (S.D. Tex. 2009).

     Especially in light of the particular standard against which 28 U.S.C. § 1442(a)(1) is to be construed, the Court finds that the elements for removal under that statute exist for the reasons set out in the R&R. After due and proper consideration of all portions of this file deemed relevant to

the issues raised, and a *de novo* determination of those portions of the R&R to which objection is made, the R&R is **adopted** as the opinion of the Court, supplemented by the foregoing discussion. The Motion to Remand is **DENIED**.

DONE this 9th day of October, 2018.

s/JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE