# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BOBBY R. HEPSTALL, etc., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 18-0163-JB-MU |
| | ) |
| HUMANA HEALTH PLAN, INC., *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Renewed Motion to Remand. (Doc. 56). Plaintiff's motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Due to the dismissal of Humana Health Plan as a defendant, *see* Doc. 55, the only parties remaining in this action are Plaintiff and Defendants Thrower and Quigley, all of whom are residents of Alabama. (Doc. 56 at p. 1; Doc. 1-1 at p. 3). Plaintiff's complaint against Thrower and Quigley asserts state-law claims for breach of contract, bad faith failure to pay or investigate a claim for health insurance benefits, and fraudulent misrepresentation. (Doc. 1-1 at p. 5). Neither Thrower nor Quigley has filed a response to Plaintiff's motion to remand.

Federal jurisdiction was originally vested in this Court based on federal officer jurisdiction. (*See* Docs. 41 & 47). This jurisdiction was based on Plaintiff's claim that the now dismissed defendant, Humana, negligently or wantonly refused to authorize and pay for his wife's medical treatment. As noted above, Humana and, consequently, that claim have now been dismissed from this action. (Doc. 54). Because original federal

jurisdiction existed, the Court, prior to Humana's dismissal, exercised supplemental jurisdiction over the claims against Thrower and Quigley as they were related to the claims against Humana. "Congress has conferred upon district courts the discretion to 'decline to exercise supplemental jurisdiction over a claim under subsection [28 U.S.C. §1367(a)] if … the district court has dismissed all claims over which it has original jurisdiction.'" *Sanders v. Horton*, Civ. A. No. 08-0635-WS-M, 2009 WL 792549, at *1 (S.D. Ala. Mar. 23, 2009) (quoting 28 U.S.C. ¶1367(c)(3)). "In determining whether or not to exercise §1367 jurisdiction in such a situation, 'the judge should take into account concerns of comity, judicial economy, convenience, fairness, and the like.'" *Id.* at *2 (quoting *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1267 (11th Cir. 2001). None of those factors warrants the exercise of this Court's supplemental jurisdiction here. Alabama state courts are ideally the arbiters of Alabama law. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). Judicial economy favors remand because the remaining claims against these defendants are in the early stages of litigation. Convenience and fairness also favor a return to the Circuit Court of Clarke County, Alabama, because that is where Plaintiff resides and where the claims arose. These factors decidedly weigh in favor of the Court exercising its discretion to decline supplemental jurisdiction over the remaining state-law claims.

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Renewed Motion to Remand (Doc. 56) be **GRANTED** and that this action be remanded to the Circuit Court of Clarke County, Alabama**.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **24th** day of **April, 2019**.

                                          s/P. BRADLEY MURRAY
                                          UNITED STATES MAGISTRATE JUDGE